THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MONERÓ, Defendant and Appellant.

No. 9413.   Argued June 18, 1942.—Decided June 22, 1942.

598

F. Rodríguez Alverio for appellant. George A. Malcolm, Attorney General, and R. A. Gómez, Prosecuting Attorney, for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

José Moneró was found guilty of abandonment of his 18 year old daughter Emma Rosa. The District Court of San Juan, after sentencing him to imprisonment in jail for a period of six months, suspended said sentence upon condition that defendant deposit with the clerk $3.00 per week, for the support of said minor. From that judgment defendant appeals.

██ The first assignment of error, in which it is alleged that "the judgment is erroneous in that it does not conform and is contrary to the provisions of the statute," is devoid of merit.

The evidence showed that the minor, Emma Rosa, is 18 years old and is the legitimate child of the defendant and Narcisa Sánchez, the complainant. Section 263 of the Penal Code provides that "every parent of any legitimate, legitimated, natural, or acknowledged illegitimate and adopted child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law or to furnish necessary food, clothing or medical attendance to such child, is guilty of a misdemeanor;"

The contention that the appellant is not under the duty of furnishing food, clothing and medical assistance to his daughter, because she is over 16 years of age, cannot be held. Section 1 of Act No. 108 of April 30, 1940 (Laws of 1940,

p. 672) does not aid appellant. That section reads as follows:

"First the father and then the mother are obliged to feed, clothe, support, educate, and provide shelter for their *illegitimate children* under sixteen years of age, *whether acknowledged or not,* in accordance with the needs' of the minors and with regard to the available means of the parents."

The duty of supporting and educating a minor legitimate child ends when the child has attained the age of twenty-one. The father or mother who ceases to perform such duty to his or her legitimate child under 21 years of age, violates § 263 of the Penal Code.

▮ Neither do we find any merits in the allegation that the trial court was without jurisdiction to hear the case and to convict the accused.

As appears from the record, Narcisa Sánchez, the complainant, at the time of the filing of the complaint, had been living in Santurce with her child for a period of ten months. The complaint was filed in San Juan on August 18, 1941. The case was brought to trial on the 13th of January, 1942. And according to the testimony of the complainant, she and her daughter had moved their residence to Caguas nearly fifteen days before the date set for the trial. In the case of *People* v. *Cintrón,* 26 P.R.R. 215, it was held:

"The domicile of the children *at the time or during the period complained of,* and not that of the father, determines the jurisdiction in a prosecution for non-support of children." (Italics ours.)

▮ The third assignment of error refers to the weighing of the evidence by the trial judge. The conflict between the testimonies of the mother and the child and those of the defendant and his daughter was decided against the accused. The former being sufficient to support the complaint and it not appearing from the record that the lower court was moved by passion, prejudice, or partiality or that it committed manifest error in the weighing of the evidence, the judgment appealed from is hereby affirmed.